IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **USVALDO MEJIA,** | CASE NO. 4:23 CV 1468 |
| Petitioner, | |
| v. | JUDGE CHARLES E. FLEMING |
| **I. HEALY,** | |
| | **MEMORANDUM OPINION** |
| Respondent. | **AND ORDER** |

*Pro se* petitioner Usvaldo Mejia is currently in custody at Federal Correctional Institution, Elkton. Mejia filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons's ("BOP") determination as to his eligibility for sentence credits under the First Step Act ("FSA") (Doc. No. 1).

For the reasons that follow, the Court dismisses this action without prejudice.

## BACKGROUND

Mejia's petition contains very few facts, but it appears that he is serving a 10-year prison sentence for conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine. (ECF No. 1-2). According to the petition, Mejia has earned 365 days of FSA credit, which should have permitted Mejia's release from prison on January 28, 2023. (ECF No. 1 at PageID #8). Having determined that Mejia is ineligible for the FSA credits, however, the BOP recalculated his release date to January 28, 2024. (ECF No. 1-2). Mejia states that the BOP is mistakenly claiming that he does not qualify for the FSA credits because Immigration and Customs Enforcement has

placed a detainer on him. Mejia claims that a detainer is not a final order of removal and his FSA credits should therefore still apply. (ECF No. 1 at PageID #6).

On June 21, 2023, Mejia "informed the warden" of his concerns. (ECF No. 1 at PageID #8; ECF No. 1-3). Having not received a response from the warden, on July 21, 2023, Mejia informed the warden that he would take his lack of response as a denial and proceed to file this petition in federal court. (ECF No. 1-3). Mejia now seeks this Court's intervention, asking the Court to order the BOP to provide him the earned FSA credits; he also asks the Court to order the BOP to release him if Immigration and Customs Enforcement does not pick him up within 48 hours.

## STANDARD OF REVIEW AND DISCUSSION

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)).

The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 4:19-cv-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020). Before seeking habeas relief under Section 2241, a prisoner must fully exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). As the Supreme Court has explained, exhaustion serves two important functions: (1) exhaustion protects administrative agency authority, providing the agency an opportunity to correct its own mistakes before being hailed into federal court; and (2) exhaustion promotes efficiency, providing a means to

resolve claims more quickly and economically before an agency rather than in litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88-89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (internal citations and quotation marks omitted). *See also Fazzini*, 473 F.3d at 232; *Blumling v. United States*, No. 4:19cv2587, 2020 U.S. Dist. LEXIS 133248, at *19 (N.D. Ohio July 28, 2020).

To exhaust their administrative remedies, federal prisoners must proceed through the following steps: (1) attempt informal resolution with prison staff; (2) if the prisoner achieves no satisfaction informally, he must then file a written complaint with the warden; (3) followed by an appeal to the regional director of the federal BOP; and finally; (4) if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. *See* 28 CFR §§ 542.10-16; *Chastain v. Williams*, No. 4:20-CV-01036, 2020 U.S. Dist. LEXIS 188104, at *7 (N.D. Ohio Oct. 9, 2020). "An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In most cases, exhaustion is the rule, and failure to exhaust will preclude federal habeas review. *Fazzini*, 473 F.3d at 232. In rare cases, however, where state remedies are inadequate or futile, or exhaustion would result in irreparable harm, exhaustion of administrative remedies is not required. *See McCarthy v. Madigan*, 503 U.S. 140, 146--48, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992), superseded by statute, 42 U.S.C. § 1997e(a); *Quionones v. Williams*, No. 4:20-cv-01067, 2020 U.S. Dist. LEXIS 178112, at *2 (N.D. Ohio Sep. 28, 2020). *See also Rose v. Lundy*, 455 U.S. 509, 515-16, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (stating that exhaustion should only be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist.").

Mejia has conceded that he has not exhausted his administrative remedies, claiming that any further appeal to the BOP would be futile and cause irreparable harm. (ECF No. 1 at PageID #8).

Liberally construing the petition, it appears that Mejia filed a request for administrative remedy with the warden. (ECF No. 1-3). However, prior to receiving a response from the warden, Mejia filed this Section 2241 petition. (*Id.*). Mejia did not appeal the warden's perceived denial to the regional director or the office of the General Counsel. The Court therefore finds that Mejia has failed to exhaust his administrative remedies.

The Court further finds that Mejia has failed to demonstrate futility or exceptional circumstances of peculiar urgency excusing exhaustion. The petitioner claims that the BOP has misconstrued the First Step Act requirements; he asserts that it has mistakenly determined that he is the subject of a final order of removal because there is a detainer issued on Mejia by Immigration and Customs Enforcement, thus making him ineligible for earned-time credits. (ECF No. 1 at PageID #8). To the contrary, he asserts that he is eligible for earned-time credits under the FSA. (ECF No. 1 at PageID #6). Mejia has not provided the BOP with an opportunity to correct its own purported mistakes. The BOP is in the best position to determine whether it erred. Although the petitioner might not believe he will get the result he desires from the BOP, he will not know until he pursues and exhausts his claim by continuing up the chain of administrative review to the regional director, or General Counsel if necessary. Petitioner must therefore pursue his remedies with the BOP.

## CONCLUSION

Accordingly, For the reasons stated in this Court's Memorandum Opinion and Order, the Court **DENIES** the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and **DISMISSES** this action without prejudice pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. Further, the Court **CERTIFIES** pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 25, 2023

CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE